FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ MAY 29 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

COME QUILT WITH ME,

                    Plaintiff,

-against-

QUILT PASSIONS, INC.,

                    Defendant.

-----------------------------------------------------------x

**MEMORANDUM AND ORDER**

12-cv-4532 (SLT) (JO)

**TOWNES, United States District Judge:**

By order to show cause filed September 11, 2012, Come Quilt With Me ("Plaintiff") applied for a preliminary injunction to prevent Quilt Passions, Inc. ("Defendant") from using a particular brochure to advertise for a quilting event Defendant was planning in Hawaii. That same day, Plaintiff filed its complaint, alleging that Defendant engaged in copyright infringement and unfair competition. Plaintiff alleged that Defendant violated its rights by using a copyrighted brochure to advertise for its quilting event and by deciding to host a quilting event using a name and location in Hawaii similar to those used by Plaintiff and Defendant in their jointly organized quilting retreat in 2012.

On October 11, 2012 this court held a hearing on Plaintiff's application. The court determined that it had jurisdiction over the parties pursuant to section 301(a)(3) of the New York Civil Practice Law and Rules. The court did not, however, reach the ultimate issue of whether injunctive relief was proper because the parties indicated that, to save time and resources, they might be able to reach a settlement on their own. That settlement did not materialize and, on November 19, 2012, Defendant submitted an answer to the complaint.

On March 19, 2013, Magistrate Judge James Orenstein issued an order directing the parties to show cause why the action should not be transferred to the District of Hawaii

pursuant to 28 U.S.C. § 1404(a), to which both parties responded. Upon considering the parties' submissions, Judge Orenstein issued a memorandum and order directing that the case be transferred to the District of Hawaii pursuant to section 1404(a) (the "April 12, 2013 Order). Presently before the court is Plaintiff's appeal of that order, to which Karen Barry has responded.[1]

I. Background

The president of the plaintiff corporation, Pat Yamin, first met Karen and Robert Barry at a quilting show in Kona, Hawaii in July of 2008. (Complaint ¶ 10.) Following that meeting, in February of 2011, Yamin, on behalf of Plaintiff, entered into discussions with the Barrys to host a joint retreat of their own in Kailua-Kona, a village on The Big Island in Hawaii. (Id. ¶¶ 10, 12.) Although there was no written contract between the parties, it was decided that Yamin would be the organizer of the event and that the Barrys would sponsor the event. (Id. ¶ 10.) Yamin also created the brochure for the retreat and used pictures produced by a friend of hers. (Id. ¶¶ 11-12.)

The parties held their joint retreat in February of 2012. (Id. ¶ 13.) In March of 2012,

---

[1] The court notes that there has been some confusion as to who the proper defendant or defendants are this case. Plaintiff initially named Quilt Passions, Inc. as a defendant. However, at an October 11, 2012 hearing, Defendant's counsel indicated that such an entity does not exist and that Karen Barry and her husband, Robert, merely do business as Quilt Passions. (Tr. at 2.) In a letter to the court dated March 18, 2013, Defendant's counsel indicated that his clients did not wish him to take any further action on their behalf and wished to proceed pro se. (Document No. 28.) Although Defendant's counsel has not made any official motion to withdraw as counsel and no such permission has been granted, all subsequent written responses to the court on behalf of Defendant have been submitted by Karen Barry. On April 29, 2013, Plaintiff filed a motion to amend, seeking to name as defendants Karen Barry and Robert Barry d/b/a Quilt Passions. (Document No. 35.) However, in Karen Barry's most recent submission to the court, she indicates that she alone operates Quilt Passions and that her husband has no proper role in this litigation. (Response to Plaintiff's Appeal.) In any event, resolution of these issues is not necessary for purposes of addressing the Plaintiff's appeal. Rather, given that Plaintiff's motion to amend has not yet been decided, the court uses the name of Defendant included in Plaintiff's original complaint.

2

Yamin received a letter from Robert Barry requesting that the parties separate. (Id. ¶ 14.) Robert Barry offered Plaintiff $1,000 in contemplation of the separation and also asked for a list of contacts associated with the quilting retreat as well as an agreement whereby Plaintiff would relinquish any right to the phrase, "Quilting on the Beach" as well as any plan to hold similar events in the West Hawaii area of the Big Island of Hawaii. (Id. ¶¶ 14-15.) In response, Plaintiff, through counsel, requested that the Barrys cease using the phrase "Quilting on the Beach" and asked them to change the date for their proposed beach retreat to January or March of 2013 to avoid any confusion with the joint retreat held by Plaintiff and the Barrys in February of 2012. (Id. ¶ 18.) Plaintiff also asked that the Barrys refrain from using the brochure format in any of their promotional materials. (Id.) The Barrys responded that costs of creating the event brochure were shared equally by the parties and that they had equal ownership rights to it. (Id. ¶ 21.) In due course, Plaintiff filed the current lawsuit asserting that the Barrys had infringed on its copyright in disseminating their brochure for their 2013 Quilting on the Beach Retreat to be held in Hawaii and that they engaged in unfair competition by hosting an event in the same area that Plaintiff would be holding its 2013 quilting retreat. (Id. ¶ 33.)

## II. DISCUSSION

An order to change venue is a non-dispositive order that is reviewed under a "clearly erroneous or contrary to law" standard. See 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a); see also Williams Advanced Materials, Inc. v. Target Tech. Co., LLC, 2007 WL 2245886, at *3 (W.D.N.Y. Aug. 1, 2007); Shenker v. Murasky, 1996 WL 650974, at *1 (E.D.N.Y. Nov. 6, 1996); Pemrick v. Stracher, 1992 WL 697636 (N.D.N.Y. Mar. 27, 1992). A magistrate judge's order is "clearly erroneous" where " 'on the entire evidence,' the [district court] is 'left with the definite and firm conviction that a mistake has been committed.'" Easley v. Cromartie, 532 U.S. 234,

3

243 (2001) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

Plaintiff argues that Magistrate Judge Orenstein erred when he determined that transfer was warranted under 28 U.S.C. § 1404(a), which provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.
> See 28 U.S.C. § 1404(a).

In considering a motion to transfer venue under § 1404(a), the threshold inquiry is whether the action could have been brought in the transferee district. *Id.*; *see also In re Hanger Orthopedic Group, Inc. Sec. Lit.*, 418 F. Supp. 2d 164 (E.D.N.Y. 2006). Here, there can be no dispute that this action "might have been brought" in the District of Hawaii given that, as Judge Orenstein noted, both Karen Barry and her husband reside in Hawaii. *See* 28 U.S.C. § 1391(b)(1) (stating that a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located.").[2]

Given that Plaintiff's action could have been brought in the transferee district, the court had to determine whether the convenience of the parties or the interests of justice weigh in favor of transfer. Among the factors courts typically consider in making that determination are: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant

---

[2] In an oral decision rendered on October 11, 2012 that does not appear on the docket, this court concluded that it has jurisdiction over Plaintiff's claims pursuant to New York Civil Practice Law and Rules § 301(a)(3). Plaintiff, in its objections to the April 12, 2013 Order, argues that in light of the court's October 11 order regarding jurisdiction, transfer to the District of Hawaii is not warranted. However, the fact that this court has jurisdiction over Plaintiff's action does not necessarily mean that transfer is inappropriate pursuant to 28 U.S.C. § 1404(a). *See Dethier v. Nat'l Liquidators*, 2010 WL 991573, at *4 (D. Conn. Mar. 18, 2010) ("Where, as here, the court possesses personal jurisdiction over defendants, the question of venue is evaluated under the interest of justice standard of 28 U.S.C. § 1404(a)."). And, given that, as indicated, Plaintiff does not dispute that its action might have been brought in the District of Hawaii, the court considers whether the conclusion in the April 12, 2013 Order that transfer is warranted in the interest of justice was clearly erroneous.

4

documents and relative ease of access to sources of proof, the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties. *See D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106-07 (2d Cir. 2006). Motions for transfer lie within the broad discretion of the courts and are determined upon notions of convenience and fairness on a case-by-case basis. *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992); *Linzer v. EMI Blackwood Music Inc.*, 904 F. Supp. 207, 216 (S.D.N.Y. 1995). The moving party bears the burden of demonstrating that transfer is warranted. *Invivo Research, Inc.*, 119 F. Supp. 2d at 436.

In the April 12, 2013 Order, Judge Orenstein found that Plaintiff's choice of the Eastern District of New York "weighs heavily in the balance," but nonetheless concluded that transfer to the District of Hawaii was warranted. Judge Orenstein found that Hawaii is "necessarily the location of much of the evidence and the place where the parties will have the easiest access to sources of proof and the ability to compel the attendance of unwilling witnesses" and that while Karen and Robert Barry "lack the means to retain private counsel to defend this case in New York," Plaintiff has the means to travel to Hawaii for business purposes and is therefore likewise able to afford to litigate its claims there. (April 12, 2013 Order at 2-3.) Plaintiff's only arguments on appeal concern specific challenges to these grounds.

Plaintiff challenges the April 12, 2013 Order on the basis that Judge Orenstein found that it has the means to litigate in the District of Hawaii, stating that Yamin will not be able to sustain her business if she is forced to litigate this matter in Hawaii because she has contracts for local teaching engagements throughout the year that she cannot break. (Pl. Mem. at 16.) Notwithstanding this assertion, Yamin acknowledged in an affidavit attached to Plaintiff's memorandum opposing transfer to the District of Hawaii that she occupies a rental home in Hawaii, that Plaintiff holds an annual retreat in Hawaii, and that 5% of Plaintiff's business is

5

derived from Hawaii. (Yamin Aff. at 2.) Moreover, Plaintiff's complaint indicates that Yamin met the Barrys at a retreat in Hawaii, that the parties chose to conduct their joint retreat in Hawaii, and that Plaintiff's own 2013 retreat will be held in Hawaii. (Complaint ¶¶ 10, 13, 33.) In contrast, neither Karen Barry nor her husband Robert have visited New York since beginning their business, Quilt Passions, in 2007. (See Document No. 30 (Karen Barry Response to Order to Show Cause).) Thus, the court concludes that Judge Orenstein's finding that Plaintiff has better means to litigate in Hawaii than Defendant has to litigate in New York is not clearly erroneous.

Moreover, in arguing whether Hawaii is the location of relevant evidence and sources of proof, Plaintiff focuses exclusively on the fact that Yamin created the copyrighted brochure in New York and all evidence related to its creation are maintained by Plaintiff in New York. (Pl. Mem. at 15.) However, Plaintiff ignores the fact that all of the evidence and sources of proof related to the creation of the infringing document are located in Hawaii. (See Barry Response. at 2-3.) As importantly, Plaintiff's assertion that Hawaii contains no relevant evidence is undermined by its own complaint. In the complaint, Plaintiff states that it is pursuing this action "to prevent the Defendant's Quilting on the Beach Retreat 2013 (Defendant's Retreat 2013) from causing confusion with customers that would decrease the Plaintiff's potential revenue from [its] Quilting in Kona Retreat 2013." (Complaint ¶ 13.) Similarly, Plaintiff asserts that Defendant was harming its business by advertising for a quilting retreat to be held in "the same area as the Plaintiff's Retreat of 2013 in the same field." (Complaint ¶ 33.) Given that the unfair competition Plaintiff complains of arises solely because of two events scheduled to take place in Hawaii, and is based in part on whether attendees to those events will be confused by their close proximity, the court concludes that Judge Orenstein's finding that Hawaii is the location of relevant evidence and sources of proof is also not clearly erroneous.

6

Finally, Plaintiff disputes the conclusion in the April 12, 2013 Order that Hawaii will have the ability to compel unwilling witnesses. In this regard, Plaintiff argues that two of its witnesses who provided photographs for the copyrighted brochure live in Colorado, which is quite a distance from both the New York and Hawaii courts, but that New York is more appropriate because it is slightly less distance from Colorado. (Pl. Mem. at 16.) The potential relevance of these witnesses aside, whatever the distance between Colorado, Hawaii, and New York, it is clear that these non-party witnesses are not subject to process in either New York or Hawaii. See FED. R. CIV. P. 45(c)(3)(B)(ii) (limiting to 100 miles district courts' power to compel non-party witnesses to travel). Thus, the fact that Plaintiff has identified witnesses in Colorado provides no support for its position that New York is a more convenient forum than Hawaii.

Under these circumstances, and given the "broad discretion" accorded courts in deciding whether notions of convenience and fairness warrant transfer, the court cannot say that after considering all of the evidence it is "left with the definite and firm conviction that a mistake has been committed." *Easley*, 532 U.S. at 243 (citation omitted). Accordingly, the court concludes that the April 12, 2013 Order was not clearly erroneous or contrary to law and that transfer to the District of Hawaii is warranted. *In re Cuyahoga Equip. Corp.*, 980 F.2d at 117; 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a).

### III. CONCLUSION

For the reasons set forth above, the court affirms the April 12, 2013 Order [34] directing that this case be transferred to the District of Hawaii. Accordingly, the court makes no determination as to Plaintiff's motion to amend [35] as that determination will more appropriately be made by the transferee court, which will ultimately preside over this case. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

/s/(SLT)

/s/ SANDRA L. TOWNES
United States District Judge

Dated: May 28, 2013
Brooklyn, New York